In the Matter of WILLIAM PALMER, Petitioner, *v.* GEORGE F. X. MCINERNEY, a Justice of the Supreme Court of the State of New York, et al., Respondents.

Second Department, December 30, 1970.

*George W. Percy, Jr., County Attorney* (*Walter G. Steindler* of counsel), for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert L. Offenhartz* of counsel), for State of New York and another, respondents.

*Philip Ofrias, Jr.,* for juvenile respondent.

SAMUEL RABIN, J. This is a proceeding pursuant to article 78 of the CPLR to prohibit a Justice of the Supreme Court, Suffolk County, from issuing a certificate of reasonable doubt and holding a bail hearing regarding a minor who has been adjudi-

cated a juvenile delinquent in the Family Court, Suffolk County.

This application must of necessity bring up for review the power of the Supreme Court at Special Term to stay an order of the Family Court. The relevant facts are not here in dispute: A 15-year-old youth was adjudicated a juvenile delinquent in the Family Court, Suffolk County, on August 3, 1970. A notice of appeal to this court was filed on or about August 27, 1970. Subsequently an application for a certificate of reasonable doubt was made to the Supreme Court at Special Term. Over the objection of the County Attorney, the certificate was issued and the matter set down for a bail hearing to determine the amount of bail to be posted pending the juvenile's appeal to this court.

The petitioner herein strenuously argues that the Special Term was without jurisdiction to grant such relief which, in essence, was a stay of the Family Court order. Furthermore, it is urged that since the youth is already in a State training school the relief sought in the Special Term constitutes a reversal and vacatur of the Family Court order and not a mere stay of proceedings.

In my view the Special Term of the Supreme Court is without power to grant the requested relief. It is clear from a reading of the applicable statutes that either the Appellate Division or the Family Court has the power to stay execution of the Family Court order. Subdivision (b) of section 1114 of the Family Court Act [formerly § 1014] provides that a Justice of the Appellate Division to which the appeal is taken " may stay execution of the order " appealed from " on such conditions, if any, as may be appropriate." Likewise, under subdivision (c) of CPLR 5519, the Family Court could have issued a stay. Accordingly, there was no necessity to seek the requested relief in the Special Term of the Supreme Court.

The Attorney-General in his attempt to find such power in the Special Term relies on sections 527 and 529 of the Code of Criminal Procedure. Suffice it to say " that Family Court procedure is not governed by the Code of Criminal Procedure (see Code Crim. Pro., § 11; Report of Joint Legislative Committee on Court Reorganization, 1962, Part II, p. 2; *Matter of Williams*, 49 Misc 2d 154) " (*Matter of D. [Daniel]*, 27 N Y 2d 90, 95). This court has heretofore held that an adjudication of juvenile delinquency is not a criminal conviction and, consequently, there is no authority for the issuance of a certificate of reasonable doubt (*Matter of Giroffi*, 283 App. Div. 890). In short, it is my conclusion that there exists no authority for the issuance of a certificate of reasonable doubt by a Justice of the Supreme

Court, in the circumstances here present and, accordingly, the respondent Justice should be restrained from so doing.

The petition herein should be granted, without costs, and the respondent Justice of the Supreme Court hereby prohibited from entertaining or continuing to entertain and from acting upon the application for a certificate of reasonable doubt in question.

CHRIST, P. J., HOPKINS, MUNDER and MARTUSCELLO, JJ., concur.

Petition granted, etc.